**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF WELLS FARGO COMMERCIAL MORTGAGE SECURITIES, INC., MULTIFAMILY MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2019-SB68; and U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE REGISTERED HOLDERS OF J.P. MORGAN CHASE COMMERCIAL MORTGAGE SECURITIES, INC., MULTIFAMILY MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2018-SB47,

     Plaintiffs,

  v.

6125 S INDIANA LLC, an Illinois limited liability company; 5SS PROPERTIES LLC, an Illinois limited liability company; 7148 EAST END LLC, an Illinois limited liability company; and 6804 S PERRY PROPERTY LLC, an Illinois limited liability company; CITY OF CHICAGO, a municipal corporation; and CESAR PINA d/b/a Portfolio 669, LLC, an individual,

     Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 1:22-cv-00981

Hon. Sharon J. Coleman

## AGREED JUDGMENT OF FORECLOSURE AND SALE

THIS MATTER COMING TO BE HEARD UPON the Combined Motion for Summary Judgment and Default Judgment (the "**Motion**") filed by Plaintiffs U.S. Bank National Association, as trustee for the registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2019-SB68 ("**2019-SB68 Lender**") and U.S. Bank National Association, as trustee for the registered Holders of J.P. Morgan Chase Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series

2018-SB47 ("**2018-SB47 Lender**," and, collectively with 2019-SB68 Lender, "**Lenders**" or "**Plaintiffs**"); due and proper notice having been given to all parties in interest; Plaintiffs having submitted affidavits and other competent evidence in support of the Motion; the Court having jurisdiction over the subject matter of this proceeding and the parties hereto; Borrowers (defined below) having consented to the entry of the instant Judgment; and the Court being fully advised in the premises;

   **THE COURT FINDS THAT:**

**I.**  **JURISDICTION**

   A.  On February 24, 2022, 2019-SB68 Lender commenced the present action by filing its Complaint for Mortgage Foreclosure.  Dkt. No. 1.  Thereafter, on March 29, 2022, Defendants 6125 S Indiana LLC ("**Indiana Borrower**"), 5SS Properties LLC ("**5SS Borrower**"), 7148 East End LLC ("**East End Borrower**"), and 6804 S Perry Property LLC ("**Perry Borrower**," and collectively with Indiana Borrower, 5SS Borrower, and East End Borrower, "**Borrowers**") filed their appearances or otherwise submitted to the jurisdiction of this Court.  Dkt. Nos. 22-24.

   B.  On May 9, 2022, Plaintiffs filed their Second Amended Complaint for Mortgage Foreclosure (the "**Complaint**")[1] involving certain real and personal properties located at and commonly known as: (1) 6125 S. Indiana Avenue, Chicago, Illinois 60637; (2) 8004 S. Eberhart Avenue, Chicago, Illinois 60619; (3) 8015 S. Vernon Avenue and 8017 S. Vernon Avenue, Chicago, Illinois 60619; (4) 7000 S. Cregier Avenue, Chicago, Illinois 60649; (5) 7044 S. Cornell Avenue, Chicago Illinois 60649; (6) 7148 South East End Avenue, Chicago, Illinois 60649; and (7) 6804 S. Perry Avenue, Chicago, Illinois 60621, as such properties are more particularly

---

[1]Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to such terms in the Complaint.

described in Plaintiffs' Complaint and the exhibits thereto (all of such real and personal property being hereinafter collectively referred to as the "**Properties**"). Dkt. No. 38.

  C.  On May 26, 2022, Borrowers filed their Answer to the Complaint. Dkt. No. 50.

  D.  Defendants City of Chicago (the "**City**") and Cesar Pina d/b/a Portfolio 669, LLC ("**Pina**") were served with Summons and the Complaint on May 17 and May 24, 2022, respectively. Dkt. Nos. 51-52.

  E.  The Court specifically finds that service of process in each instance was properly effectuated in accordance with the Federal Rules of Civil Procedure.

  F.  This Court has jurisdiction over all the parties hereto and the subject matter presented herein.

## II.  SUMMARY JUDGMENT AND ORDER OF DEFAULT

  A.  <u>Summary Judgment.</u> Summary judgment is hereby entered as follows: (i) in favor of 2019-SB68 Lender and against Indiana Borrower on the allegations of Count I of the Complaint, (ii) in favor of 2019-SB68 Lender and against 5SS Borrower on the allegations of Count II of the Complaint, (iii) in favor of 2019-SB68 Lender and against East End Borrower on the allegations of Count III of the Complaint, and (iv) in favor of 2018-SB47 Lender and against Perry Borrower on the allegations of Count IV of the Complaint.

  B.  <u>Order of Default.</u> Having failed to answer or otherwise plead to the Complaint, an order of default is entered against (i) Pina as to all counts of the Complaint, and (ii) the City as to Count IV of the Complaint.

### III.   EVIDENTIARY FINDINGS

A.      The Court finds that the allegations of fact in the Complaint filed by Plaintiffs have been properly verified by sworn affidavit and are hereby found to be true and correct as alleged, and no further evidence of such facts is required.

B.      Attached to Complaint and the Affidavit of Bernd Turner (the "**Turner Affidavit**") are true and correct copies of the following:

1.      Exhibit A-1, the Indiana Loan Agreement;

2.      Exhibit A-2, the Indiana Note (including the Endorsement and Allonge appended thereto);

3.      Exhibit A-3, the Indiana Mortgage;

4.      Exhibit A-4, the First Indiana Assignment;

5.      Exhibit A-5, the Second Indiana Assignment;

6.      Exhibit B-1, the 5SS Loan Agreement;

7.      Exhibit B-2, the 5SS Note (including the Endorsement and Allonge appended thereto);

8.      Exhibit B-3, the 5SS Mortgage;

9.      Exhibit B-4, the First 5SS Assignment;

10.     Exhibit B-5, the Second 5SS Assignment;

11.     Exhibit C-1, the East End Loan Agreement

12.     Exhibit C-2, the East End Note (including the Endorsement and Allonge appended thereto);

13.     Exhibit C-3, the East End Mortgage;

14.     Exhibit C-4, the First East End Assignment;

15.     Exhibit C-5, the Second East End Assignment;

16.     Exhibit D-1, the Perry Loan Agreement;

17.     Exhibit D-2, the Perry Note (including the Endorsement and Allonge appended thereto);

18.       <u>Exhibit D-3</u>, the Perry Mortgage;

19.       <u>Exhibit D-4</u>, the First Perry Assignment and Scrivener's Error Affidavit;

20.       <u>Exhibit D-5</u>, the Second Perry Assignment;

21.       <u>Exhibit D-6</u>, the Perry Avenue Corrective Assignment of Mortgage;

22.       <u>Exhibit E</u>, Notices of Default and Acceleration.

Such exhibits, including the documents executed in connection with, evidencing, securing, or otherwise relating to the Walls Loans (the "**Loan Documents**"), are admitted into evidence, and any originals presented may be withdrawn.

      C.     The Turner Affidavit filed in support of the Motion, having been presented to the Court, and having proper evidentiary foundation, is admitted into evidence. The Court finds that the allegations of fact in the Complaint, including the facts set forth below, have been properly verified and are hereby found to be true and correct as alleged, and no further evidence of such facts is required.

      D.     Information concerning the Indiana Mortgage, 5SS Mortgage, East End Mortgage, and Perry Mortgage collectively, the "**Mortgages**"):

## The Indiana Mortgage (Count I)

1.     Nature of Instrument:         Mortgage.

2.     Date of Mortgage:         June 28, 2019.

3.     The name of the Mortgagor(s):     Indiana Borrower.

4.     Name of the mortgagee/grantee:    2019-SB68 Lender (as ultimate assignee of Pinnacle Bank).

5.     Date and place of recording of the Mortgage:    July 1, 2019, with the Cook County Recorder of Deeds (the "**Recorder**").

6.     Identification of Recording:     Document No. 1918234154.

7.     Estate Conveyed:                      Fee simple.

8.     Amount of original indebtedness:      $3,160,000.00.

9.     Legal description and common address of the mortgaged Real Estate:

THAT PART OF LOT 11 LYING WEST OF THE WEST LINE OF THE PUBLIC ALLEY SHOWN ON THE PLAT OF DEDICATION RECORDED OCTOBER 14, 1910 AS DOCUMENT 4644550 IN BOOK 10251, PAGE 376 IN WILSON, HEALD AND STEBBINGS SUBDIVISION IN THE EAST HALF OF THE SOUTHWEST QUARTER OF SECTION 15, TOWNSHIP 38 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Commonly known as:  6125 S. Indiana Avenue, Chicago, Illinois 60637

PIN: 20-15-315-005-000.

10.     The default occurred by virtue of the following: (a) Indiana Borrower failed to make payments when due under the Indiana Note; and (b) Indiana Borrower changed its property manager without 2019-SB68 Lender's prior consent.

11.     As of September 1, 2022, the amount due and owing under the Indiana Note and secured by the Indiana Mortgage is as follows:

| | |
|---|---|
| Principal: | $3,160,000.00 |
| Non-default Interest (8/1/20–8/31/22): | $339,488.47 |
| Prepayment Premium: | $277,486.46 |
| Default Interest (10/1/20–9/1/22): | $278,431.01 |
| Tax Advance: | $21,685.49 |
| Interest on Advances: | $10,475.31 |
| Late Fees: | $17,643.59 |
| Special Servicing Fees: | $42,330.73 |
| Legal Fees and Costs (as of 8/31/22): | $38,898.10 |
| Funds Received: | ($11,302.68) |
| **TOTAL:** | **$4,175,136.48** |

Non-default interest continues to accrue on the Indiana Loan at the *per diem* rate of $398.51, for a total of $16,737.42 as of October 11, 2022. Default interest continues to accrue on the Indiana Loan at the *per diem* rate of $333.84, for a total of $13,687.44 as of October 11, 2022. Thus, total the amount due 2019-SB68 Lender—inclusive of *per diem* interest through October 11, 2022—is **$4,205,561.34.**

12.    Name(s) of the present owner of the Real Estate:

Indiana Borrower.

13.    The following additional parties were properly joined as defendants to Count I, and their interests in or liens on the Indiana Property shall be terminated hereby:

Pina, by virtue of a Notice of Contract Rights recorded with the Cook County Recorder of Deeds on March 8, 2022 as Document Nos. 2206722032, 2206722033, 2206722034, and 2206722035.

14.    2019-SB68 Lender is the legal owner and holder of the Indiana Loan and the documents executed in connection with, evidencing, securing, or otherwise relating to said loan.

15.    Indiana Borrower waived any right to reinstatement or redemption provided by law.

## The 5SS Mortgage (Count II)

| | | |
|---|---|---|
| 16. | Nature of Instrument: | Mortgage. |
| 17. | Date of Mortgage: | June 28, 2019. |
| 18. | The name of the Mortgagor(s): | 5SS Borrower. |
| 19. | Name of the mortgagee/grantee: | 2019-SB68 Lender (as ultimate assignee of CBRE). |
| 20. | Date and place of recording of the Mortgage: | July 1, 2019, with the Recorder |
| 21. | Identification of Recording: | Document No. 1918245107. |
| 22. | Estate Conveyed: | Fee simple. |
| 23. | Amount of original indebtedness: | $2,712,000.00. |
| 24. | Legal description and common address of the mortgaged Real Estate: | |

PARCEL 1: LOTS 2 AND 3 IN BLOCK 10 IN CHATHAM FIELDS, BEING A SUBDIVISION OF NORTHEAST 1/4 OF SECTION 34, TOWNSHIP 38 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Commonly known as: 8004 S. Eberhart Avenue, Chicago, IL 60619

PIN:                    20-34-209-019-0000

PARCEL 2: LOTS 32 AND 33 IN BLOCK 10 IN CHATHAM FIELDS, BEING A SUBDIVISION OF THE NORTHEAST 1/4 OF SECTION 34, TOWNSHIP 38 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Commonly known as: 8015 S. Vernon Avenue, Chicago, IL 60619
and
8017 S. Vernon Avenue, Chicago, IL 60619

PIN:                    20-34-209-004-0000 and
20-34-209-005-0000

PARCEL 3: LOT 1 IN BLOCK 1 IN SUBDIVISION BY CRONKHITE, CLARKSON AND BOYD OF THE SOUTH 1/2 OF THE SOUTHWEST 1/4 OF THE SOUTHWEST 1/4 OF SECTION 24, TOWNSHIP 38 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Commonly known as: 7000 S. Cregier Avenue, Chicago, IL 60649

PIN:                    20-24-325-018-0000

PARCEL 4: LOT 9 IN BLOCK 3 IN CRONKHITE, CLARKSON AND BOYD SUBDIVISION, BEING A SUBDIVISION OF PART OF THE SOUTH 1/2 OF THE SOUTHWEST 1/4 OF THE SOUTHWEST 1/4 OF SECTION 24, TOWNSHIP 38 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Commonly known as: 7044 S. Cornell Avenue, Chicago, IL 60649.

PIN:                    20-24-323-026-0000.

25.    The default occurred by virtue of the following: (a) 5SS Borrower failed to make payments when due under the 5SS Note, and (b) 5SS Borrower changed its property manager without 2019-SB68 Lender's prior consent.

26.    As of September 1, 2022, the amount due and owing under the 5SS Note and secured by the 5SS Mortgage is as follows:

| | |
|---|---:|
| Principal: | $2,712,000.00 |
| Non-default Interest (8/1/20–8/31/22): | $256,790.43 |
| Default Interest (10/1/20–9/1/22): | $220,274.61 |
| Prepayment Premium: | $191,515.98 |
| Late Fees: | $8,247.04 |
| Payoff Processing Fee: | $575.00 |
| Tax Advance: | $65,021.61 |
| Interest on Advances: | $8,632.84 |
| Special Servicing Fees: | $36,330.11 |
| Legal Fees and Costs (as of 8/31/22): | $40,072.18 |
| **TOTAL:** | **$3,539,459.80** |

Non-default interest continues to accrue on the 5SS Loan at the *per diem* rate of $344.12, for a total of $14,453.04 as of October 11, 2022. Default interest continues to accrue on the 5SS Loan at the *per diem* rate of $258.67, for a total of $10,605.47 as of October 11, 2022. Thus, total the amount due 2019-SB68 Lender—inclusive of *per diem* interest through October 11, 2022—is **$3,564,518.31.**

27. Name(s) of the present owner of the Real Estate:

   5SS Borrower.

28. The following additional parties were properly joined as defendants to Count II, and their interests in or liens on the 5SS Property shall be terminated hereby:

   Pina, by virtue of a Notice of Contract Rights recorded with the Cook County Recorder of Deeds on March 8, 2022 as Document Nos. 2206722032, 2206722033, 2206722034, and 2206722035.

29. 2019-SB68 Lender is the legal owner and holder of the 5SS Loan and the documents executed in connection with, evidencing, securing, or otherwise relating to said loan.

30.     5SS Borrower waived any right to reinstatement or redemption provided by law.

## The East End Mortgage (Count III)

| | | |
|---|---|---|
| 31. | Nature of Instrument: | Mortgage. |
| 32. | Date of Mortgage: | June 28, 2019. |
| 33. | The name of the Mortgagor(s): | East End Borrower. |
| 34. | Name of the mortgagee/grantee: | 2019-SB68 Lender (as ultimate assignee of CBRE). |
| 35. | Date and place of recording of the Mortgage: | July 1, 2019, with the Recorder |
| 36. | Identification of Recording: | Document No. 1918234165. |
| 37. | Estate Conveyed: | Fee simple. |
| 38. | Amount of original indebtedness: | $1,800,000.00. |

39.     Legal description and common address of the mortgaged Real Estate:

THE SOUTH 2 FEET OF LOT 7 AND ALL OF LOTS 8 TO 12 IN BLOCK 3 IN CONRAD SEIPP'S SUBDIVISION OF THE WEST 1/2 OF THE NORTHWEST 1/4 OF SECTION 25, TOWNSHIP 38 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Commonly known as:  7148 South East End Avenue, Chicago, IL 60649

PIN: 20-25-101-025-0000.

40.     The default occurred by virtue of the following: (a) East End Borrower failed to make payments when due under the East End Note, and (b) East End Borrower changed its property manager without 2019-SB68 Lender's prior consent.

41.     As of September 1, 2022, the amount due and owing under the Indiana Note and secured by the East End Mortgage is as follows:

| | |
|---|---|
| Principal: | $1,800,000.00 |
| Non-default Interest (8/1/20–8/31/22): | $175,182.07 |
| Default Interest (10/1/20–9/1/22): | $146,200.00 |

| | |
|---|---:|
| Prepayment Premium: | $139,952.01 |
| Late Fees: | $5,626.10 |
| Payoff Processing Fee: | $575.00 |
| Tax Advance: | $55,036.25 |
| Interest on Advances: | $5,429.56 |
| Special Servicing Fees: | $23,462.50 |
| Legal Fees and Costs (as of 8/31/22): | $40,072.18 |
| **TOTAL:** | **$2,391,535.67** |

Non-default interest continues to accrue on the East End Loan at the *per diem* rate of $234.76, for a total of $9,859.92 as of October 11, 2022. Default interest continues to accrue on the East End Loan at the *per diem* rate of $211.86, for a total of $8,686.26 as of October 11, 2022. Thus, total the amount due 2019-SB68 Lender—inclusive of *per diem* interest through October 11, 2022—is **$2,410,081.85.**

42. Name(s) of the present owner of the Real Estate:

    East End Borrower.

43. The following additional parties were properly joined as defendants to Count III, and their interests in or liens on the East End Property shall be terminated hereby:

    Pina, by virtue of a Notice of Contract Rights recorded with the Cook County Recorder of Deeds on March 8, 2022 as Document Nos. 2206722032, 2206722033, 2206722034, and 2206722035.

44. 2019-SB68 Lender is the legal owner and holder of the East End Loan and the documents executed in connection with, evidencing, securing, or otherwise relating to said loan.

45. East End Borrower waived any right to reinstatement or redemption provided by law.

**The Perry Mortgage (Count IV)**

46. Nature of Instrument:                              Mortgage.

47.      Date of Mortgage:                            December 13, 2017.

48.      The name of the Mortgagor(s):        Perry Borrower.

49.      Name of the mortgagee/grantee:      2018-SB47 Lender (as ultimate assignee of Pinnacle Bank).

50.      Date and place of recording of the Mortgage:            December 18, 2017, with the Recorder

51.      Identification of Recording:         Document No. 1735257041.

52.      Estate Conveyed:                      Fee simple.

53.      Amount of original indebtedness:     $1,184,000.00.

54.      Legal description and common address of the mortgaged Real Estate:

LOTS 2 AND 3 IN BLOCK 3 IN EVA R. PERRY'S SECOND SUBDIVISION OF PART OF THE E. D. TAYLOR'S SUBDIVISION OF THE EAST 1/2 OF THE SOUTHEAST 1/4 OF SECTION 21, TOWNSHIP 38 NORTH, RANGE 14, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Commonly known as:  6804 S. Perry Avenue, Chicago, IL 60621

PIN: 20-21-407-013-0000.

55.      The default occurred by virtue of the following: (a) Perry Borrower failed to make payments when due under the Perry Note, and (b) Perry Borrower changed its property manager without 2018-SB47 Lender's prior consent.

56.      As of September 1, 2022, the amount due and owing under the Perry Note and secured by the Perry Mortgage is as follows:

| | |
|---|---|
| Principal: | $1,184,000.00 |
| Non–default Interest (8/1/20–8/31/22): | $115,071.64 |
| Prepayment Premium: | $55,317.48 |
| Default Interest (10/1/20–9/1/22): | $104,323.56 |
| Tax Advance: | $13,289.47 |
| Interest on Advances: | $5,004.65 |
| Late Fees: | $7,215.05 |

| | |
|---|---|
| Special Servicing Fees: | $21,000.00 |
| Legal Fees and Costs (as of 8/31/22): | $40,072.18 |
| Funds Received: | ($4,611.48) |
| **TOTAL:** | **$1,540,682.55** |

Non-default interest continues to accrue on the Perry Loan at the *per diem* rate of $136.49, for a total of $5,732.58 as of October 11, 2022. Default interest continues to accrue on the Perry Loan at the *per diem* rate of $131.56, for a total of $5,393.96 as of October 11, 2022. Thus, total the amount due 2018-SB47 Lender—inclusive of *per diem* interest through October 11, 2022—is **$1,551,809.09.**

57. Name(s) of the present owner of the Real Estate:

Perry Borrower.

58. The following additional parties were properly joined as defendants to Count IV, and their interests in or liens on the Perry Property shall be terminated hereby:

The City, by virtue of, *inter alia*: (a) that certain Recording of Findings, Decision and Order in the amount of $1,140.00, recorded with the Cook County Recorder of Deeds on January 15, 2019 as Document No. 1901541046; and (b) that certain Recording of Findings, Decision and Order in the amount of $8,040.00 recorded with the Cook County Recorder of Deeds on January 27, 2020 as Document No. 2002741095.

Pina, by virtue of a Notice of Contract Rights recorded with the Cook County Recorder of Deeds on March 8, 2022 as Document Nos. 2206722032, 2206722033, 2206722034, and 2206722035.

59. 2018-SB47 Lender is the legal owner and holder of the Perry Loan and the documents executed in connection with, evidencing, securing, or otherwise relating to said loan.

60. Perry Borrower waived any right to reinstatement or redemption provided by law.

## IV.     DEEMED ALLEGATIONS PROVED

A.   On the date indicated in the Complaint, the obligors of the indebtedness or other obligations secured by the Mortgages were justly indebted in the amount of the indicated original indebtedness to the original mortgagees or payees of the Loan Documents.

B.   The exhibits attached to the Complaint include true and correct copies of the Loan Documents.

C.   Borrowers were, at the date indicated in the Complaint, the owners of the interests in the Properties described in the Complaint and as of said date made, executed, and delivered the Mortgages as security for the other Loan Documents.

D.   The Mortgages were recorded in the county in which the Properties are located on the date(s) indicated.

E.   Defaults occurred as indicated in the Complaint and in evidence, including the Affidavit presented to the Court.

F.   Borrowers are the present owners of the indicated interests in and to the Properties described.

G.   The Mortgages constitute valid, prior, and paramount liens on the Properties, which liens are prior and superior to the right, title, interest, claim, or lien of all defendants herein; whose interest in the Properties is terminated by this foreclosure.

H.   By reason of the defaults alleged and proved, if the indebtedness had not matured by its terms, the same became due by the exercise, by Plaintiffs or other persons having such power, of a right or power to declare immediately due and payable the whole of all indebtedness secured by the Mortgages.

I. If required, any and all notices of default or election to declare the indebtedness due and payable or other notices required to be given have been duly and properly given.

J. If required, any and all periods of grace and reinstatement or other period of time allowed for the performance of the covenants or conditions claimed to be breached or for the curing of any breaches have expired.

K. The amounts due Plaintiffs are set forth in the evidence, including the Affidavits presented to the Court; the same is correctly stated and if such computation indicated any advances made or to be made by Plaintiff, such advances were, in fact, made or will be required to be made, and under and by virtue of the Mortgages, the same constitute additional indebtedness secured by the Mortgages.

L. In addition to the express allegations of the Complaint, all of the deemed allegations provided by Section 15-1504 of the Illinois Mortgage Foreclosure Law are also proved and no further evidence of these allegations is required.

## V. FINDINGS REGARDING COSTS AND ATTORNEYS' FEES

A. Plaintiffs have been compelled to employ and retain attorneys to prepare and file the Complaint (as well as the prior iterations thereof) and to represent and advise it in the foreclosure of the Mortgages. Plaintiffs are liable for the usual, reasonable and customary fees of the attorneys it has retained.

B. Plaintiffs have been compelled to advance, or will be compelled to advance, various sums of money in payment of costs, fees, expenses, and disbursements incurred in connection with this proceeding, including without limitation the following: filing fees, costs of publication, costs of procuring and preparing documentary evidence, and costs of procuring abstracts of title, foreclosure minutes, and a title insurance policy.

C. In order to protect and preserve the Properties, it has or may become necessary for Plaintiffs to pay fire and other hazard insurance premiums for the Properties, or to make such repairs to the Properties as may reasonably be deemed necessary for the proper preservation thereof, including receiver-related costs and expenses.

D. In order to protect the lien of the Mortgages, it has or may become necessary for Plaintiffs to pay taxes which have been and will be levied on the Properties.

E. The Mortgages and other Loan Documents provide for the reimbursement of all expenditures which may be paid for attorneys' fees and costs that were incurred and are necessary for the protection of Plaintiffs' interest or the enforcement of their rights, in addition to all other sums provided by law and/or the Loan Documents. Such sums constitute additional indebtedness secured by the Mortgages.

F. The Affidavit(s) of Plaintiffs' representative filed in support of the Motion are sufficient proof of the facts stated in the Complaint and the Motion. The Affidavit of Aaron C. Jackson for Attorneys' Fees and Costs is sufficient proof of the facts stated therein, and the amounts due Plaintiffs for attorneys' fees and costs are as set forth in Section III hereof.

G. The attorneys' fees, costs, expenses, and disbursement allowed herein as stated above are fair, reasonable, and proper, and as provided by the Loan Documents, shall be added to and become part of the indebtedness due Plaintiffs. Additional attorneys' fees, costs, expenses, and disbursements not included in the judgment amount or hereafter incurred shall be added to and become part of the indebtedness due Plaintiffs upon further order of this Court.

H. Pursuant to Northern District of Illinois Local Rule 54.4, the Court has approved the portion of the lien(s) attributable to attorneys' fees only for purposes of the foreclosure sales, and not for purposes of determining the amount required to be paid personally by Borrowers in the

event of redemption by Borrowers, or deficiency judgment(s), or otherwise. In the event of redemption by Borrowers or for purposes of any personal deficiency judgment, this Court reserves the right to review the amount of attorneys' fees to be included for either purpose.

## VI.    ULTIMATE FINDINGS

A.    Plaintiffs are entitled to foreclose the Mortgages and obtain judgments of foreclosure as requested in the Complaint. As such, Plaintiffs are entitled to obtain summary judgment, default judgment, and judgments of foreclosure under Counts I-IV, as follows:

1.    As to Indiana Borrower and Pina under Count I in the amount of $4,205,561.34, including the costs, expenses, and fees incurred in the amount of $38,898.10;

2.    As to 5SS Borrower and Pina under Count II in the amount of $3,564,518.31, including the costs, expenses, and fees incurred in the amount of $40,072.18;

3.    As to East End Borrower and Pina under Count III in the amount of $2,410,081.85, including the costs, expenses, and fees incurred in the amount of $40,072.18;

4.    As to Perry Borrower, the City, and Pina under Count IV in the amount of $1,551,809.09, including the costs, expenses, and fees incurred in the amount of $40,072.18;

B.    The Mortgages are prior and superior to all other mortgages, claims of interest and liens upon the Properties, except for real estate taxes and special assessments, if any.

C.    Defendants are found and declared to have no interest in the Properties.

D.    The Properties shall be sold free and clear of all liens and encumbrances except:

1.    General real estate taxes and special assessments, if any; and

2.    Easements and restrictions of record.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:**

## VII.    ORDER UPON REQUEST TO FORECLOSE THE PROPERTIES: COUNTS I-IV:

A.    Judgment of Foreclosure is hereby entered against the defendants, as follows:

1.      Against Indiana Borrower and Pina (*in rem*) under Count I in the amount of $4,205,561.34;

2.      Against 5SS Borrower and Pina (*in rem*) under Count II in the amount of $3,564,518.31;

3.      Against East End Borrower and Pina (*in rem*) under Count III in the amount of $2,410,081.85; and

4.      Against Perry Borrower, the City (*in rem*), and Pina (*in rem*) under Count IV in the amount of $1,551,809.09

B.   An accounting has been taken under the direction of the Court of the amounts due and owing to Plaintiffs as declared herein.

C.   In default of such payments in accordance with this Judgment and after notice of the sales is made in accordance with the provisions of Section 15-1507(c) of the Illinois Mortgage Foreclosure Law, the Properties shall be sold as directed by the Court to satisfy the amounts due Plaintiffs as set forth in this Judgment, together with all other allowable fees, costs, and interest thereon at the statutory judgment rate from the date of this Judgment.

D.   In the event Plaintiffs are the purchaser(s) of any or all of the Properties at such sales, Plaintiffs may offset against the purchase price of any or all of the Properties the amounts due to Plaintiffs under this Judgment and the order confirming the sales, as their interest appear in this Judgment.

E.   In the event of such sales the defendants made parties to this foreclosure action in accordance with statutory provisions, and all Non-Record Claimants given notice of the foreclosure in accordance with statutory provisions, and all persons claiming by, through, or under them, and each and any and all of them, shall be forever barred and foreclosed of any right, title, interest, claim, lien, or right to redeem in and to the Properties.

F.    Deeds and bills of sale for the Properties shall be issued to the purchaser(s) thereat according to law and such purchaser(s) shall be let into possession of the Properties in accordance with statutory provisions.

## VIII.    ORDER UPON SPECIAL MATTERS

A.    The sales of the Properties shall be by public auction.

B.    The sales shall be by open, verbal bid.

C.    The Judicial Sales Corporation (the "**Selling Officer**") is appointed the selling officer for the purpose of conducting the sales and all activities related thereto.

D.    Exceptions to which title to the Properties shall be subject at the sales shall include general real estate taxes for the current year and for the preceding year (if any) which have not become due and payable as of the date of this judgment, any special assessments upon the real estate, and easements and restrictions of record.

E.    In the event that Plaintiffs are successful bidder(s) at the sales, they may offset against the purchase price to be paid for any or all of the Properties the amounts due Plaintiffs under this Judgment, the order confirming the sales, or such other order or judgment as may be entered by the Court prior to the sales.

## IX.    ORDER FOR JUDICIAL SALES

A.    The Properties are ordered sold in accordance with statutory provisions and as provided in this Judgment of Foreclosure.

B.    The place and date of sales shall be as noticed and as advertised in accordance with the Illinois Mortgage Foreclosure Law.

C. Notice of Sales. Plaintiffs, as mortgagees, or such other party designated by the Court shall give public notices of the sales in accordance with the requirements under the Illinois Mortgage Foreclosure Law.

1. The notices of sales shall include the following information, but an immaterial error in the information shall not invalidate the legal effect of the notices:

   a. the name, address and telephone number of the person to contact for information regarding the Properties;

   b. the common address and/or other common description (other than legal description), if any, of the Properties;

   c. a legal description of the Properties sufficient to identify them with reasonable certainty;

   d. a general description of the improvements on the Properties, if any;

   e. whether the Properties may be inspected prior to the sales upon making reasonable arrangements with the person identified in paragraph 1(a), above;

   f. the time and place of the sales;

   g. the terms of the sales;

   h. the case title, case number and the court in which the foreclosure was filed; and

   i. no other information is required.

2. The notices of sales shall be published at least three consecutive calendar weeks (Sunday through Saturday), once in each week, the first such notice to be published not more than 45 days prior to the sales, the last such notice to be published not less than 7 days prior to the day of sales by: (A) advertisements in a newspaper circulated to the general public in the county in which the real estate is located, in the section of that newspaper where legal notices are commonly placed; and (B) separate advertisements in the section of such newspaper, which may not be the same newspaper used for section (A), in which real estate other than real estate being sold as part of legal proceedings is commonly advertised to the general public, there being no requirement for the second advertisement to include a legal description; and (C) such other publications as may be further ordered by the court.

3.        Plaintiffs or the Selling Officer also shall give notice to all parties in the action who have appeared and have not heretofore been found by the Court to be in default for failure to plead. Such notices shall be given in the manner provided in the applicable rules of court for service of papers other than process and complaint, not more than 45 days nor less than 7 days prior to the day of sales. After notice is given as required in this Section, a copy thereof shall be filed in the office of the Clerk of this Court, together with a certificate of counsel or other proof that notice has been served in compliance with this Section.

4.        Plaintiffs or the Selling Officer shall give notice of any adjourned sales; provided, however, that if the adjourned sale(s) is to occur less than 60 days after the last scheduled sale(s), notice of any adjourned sale(s) need not be given.

5.        Notice of the sales may be given prior to the expiration of the redemption period, if any.

6.        No other notice by publication or posting shall be necessary.

7.        The person named in the notices of sale to be contacted for information about the Properties shall not be required to provide information in addition to that set forth in the notices of sale.

D.   Election of Property. The Properties are susceptible to division, and the Selling Officer shall order each of them to be sold to satisfy this Judgment. The Selling Officer may determine the order in which separate tracts may be sold.

E.   Certificates of Sale. The Selling Officer shall issue, in duplicate, and give to the purchaser(s), certificates of sale in recordable form pursuant to 735 ILCS 5/15-1507(f). The certificates shall be freely assignable by endorsement thereon.

## X.      TRANSFER OF TITLE

A.   Upon or after confirmation of the sales, the Selling Officer, such other person who conducted the sales, or the Court shall execute deeds to the real estate and bills of sale to the personal property to the holder(s) of the certificates of sale sufficient to convey title, which deeds and bills of sale shall identify the Court and the caption of the case in which judgment was entered authorizing issuance of the deeds and bills of sale. Signature and the recital in the deeds and the

bills of sale of the title or authority of the person signing the deeds as grantor, and bills of sale, as assignor, of authority pursuant to this Judgment and of the giving of the notices required by statute shall be sufficient proof of the facts recited and of such authority to execute the deeds and the bills of sale, but such deeds and bills of sale shall not be construed to contain any covenant on the part of the person executing it.

B.   Delivery of the deeds and the bills of sale executed on the sales of the Properties, even if the purchaser(s) or holder(s) of the certificates of sale is a party to the foreclosure, shall be sufficient to pass title thereto. Except as otherwise provided herein, such conveyances shall be an entire bar of (i) all claims of parties to the foreclosure and (ii) all claims of any Non-Record Claimant who has been given notice of the foreclosure as provided by statute.

## XI.   APPLICATION OF PROCEEDS

A.   The proceeds resulting from the sales ordered herein shall be applied in the following order:

1.   The reasonable expenses of the sales;

2.   The reasonable expenses of securing possession before the sales, holding, maintaining, and preparing the Properties for sale, including, without limitation, payment of taxes and other governmental charges, premiums on hazard and liability insurance, management and/or receiver's fees, including interest thereon;

3.   Satisfaction of claims in the order of priority adjudicated in this Judgment of Foreclosure, or such other or additional orders as may be entered by this Court; and

4.   Remittance of any surplus to the Borrowers, as mortgagors, or as otherwise directed by the Court.

## XII.   REDEMPTION

A.   This is a foreclosure of mortgages of commercial real estate.

B.   In commercial foreclosures, the redemption period shall end on the later of (i) the date 6 months from the date the mortgagor or, if more than one, all the mortgagors (A) have been served

with summons or by publication or (B) have otherwise submitted to the jurisdiction of the court, or (ii) the date 3 months from the date of entry of a judgment of foreclosure.

C. However, Borrowers waived any and all rights of redemption to the full extent permitted by law.

## XIII. OTHER MATTERS

A. <u>REPORTS OF SALE</u>

The Selling Officer, or such other person conducting the sales of the Properties, shall file reports with the Clerk of this Court specifying the amount of proceeds of sale realized and the disposition thereof.

B. <u>HOMESTEAD WAIVER</u>

The Properties are not subject to homestead or other exemptions. Accordingly, Borrowers, as mortgagors, are barred from claiming any right of homestead or other exemptions in the Properties.

C. <u>DEFICIENCY</u>

If the money arising from said sales shall be insufficient to pay the amounts due to Plaintiffs with interest and the costs and expenses of sales, the person conducting the sales shall specify the amount of such deficiency in the reports of sale, and Plaintiffs reserve the right to seek entry of a deficiency judgment on account thereof, if appropriate.

D. <u>POSSESSION</u>

After the Court enters an order(s) confirming the foreclosure sales of the Properties, Plaintiffs shall be placed in possession of the Properties, except that after a sale pursuant to this Judgment the holder(s) of the certificate(s) of sale (or, if none, the purchaser(s) at the sale(s)) shall

be placed in possession, with all rights and duties of a mortgagee in possession under the Illinois Mortgage Foreclosure Law.

E. <u>SERVICE OF ORDER</u>

Plaintiffs are to mail a copy of this Order within seven days of entry hereof to the last known address of Borrowers, as mortgagors.

F. <u>RETENTION OF JURISDICTION</u>

The Court hereby retains jurisdiction over the subject matter of this action and all the parties hereto for the purpose of, among other things, determining and enforcing this Judgment and confirming the sales of the Properties.

ENTER:

Dated: October 12, 2022

Sharon Johnson Coleman
United States District Judge